UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BEASLEY,

                Petitioner,                    Case Number: 2:12-13936
                                                  HONORABLE GERALD E. ROSEN

v.

JEFFREY WOODS,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

The Court denied Petitioner William Beasley's *pro se* petition for a writ of habeas corpus on February 12, 2015.  Petitioner challenged his convictions for first-degree felony murder, assault with intent to rob while armed, breaking and entering, felonious assault, and three counts of felony-firearm.  The Court found that the petition was not timely filed, rejecting Petitioner's argument that his actual innocence equitably tolled the limitations period.  Now before the Court is Petitioner's Motion for Reconsideration.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain."  *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner argues that the Court should reconsider its finding that he failed to make a sufficient showing of actual innocence to warrant equitable tolling.  Petitioner claims that the affidavit of Charles Burton shows that he could not have committed the shooting in the manner described by other witnesses.  The Court considered Burton's affidavit and held that it failed to make it more likely than not that no reasonable juror would have voted to convict had they heard this evidence.  *See House v. Bell*, 547 U.S. 518, 538 (2006).  The Court found the affidavit lacking in several respects: it was executed almost 10 years after the shooting, it is vague as to date and location and, therefore, is not inconsistent with a finding that Petitioner shot the victim; and it fails to discredit the incriminating evidence offered at trial.  Petitioner's motion presents no information or argument that would lead the Court to conclude that its holding was based upon a palpable defect.

Accordingly, the Court DENIES Petitioner's "Motion for Reconsideration" (Doc. #12).  Further, for the reasons previously stated in its February 12, 2015 Opinion and Order, the Court also denies a Certificate of Appealability and denies leave to proceed on appeal *in forma pauperis*.

SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  June 3, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 3, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135
